EDWARD J. STOULIG, Judge Pro Tem.
Defendant, Flag Wallpaper Company, Inc.,[1] has appealed a judgment awarding plaintiff, Jay March, $400.00 representing the approximate balance defendant failed to refund on a contract between the parties that was never performed in its entirety.
In the spring of 1979, Jerry Juhl of the defendant corporation, agreed to furnish and install carpeting and wallpaper for a residence then under construction by plaintiff and his wife. After Juhl measured all areas involved and after plaintiff’s wife consulted with Flag personnel for an approximate one month period to select colors and patterns, defendant company placed orders with various suppliers on or about May 10, 1979. After the materials were ordered for the Marches at a cost to defendant of $5,778.93, Juhl requested and received a $2,000.00 deposit on the contract. It was verbally understood plaintiff would pay for the balance of the merchandise and the total labor charges when the contract was completed.
On June 19, 1979 the Marches’ residence, still under construction, was destroyed by fire. By this time defendant had received most of the carpeting and wallpaper ordered for the plaintiff’s account. The fire prevented installation of wallpaper and car *1267 peting as scheduled and storage of the merchandise became a problem. Defendant’s business operated from a trailer and plaintiff and his wife were occupying a small apartment. The record does not make clear when plaintiff and defendant began to disagree but within one month of the fire the litigants were communicating through attorneys after it became apparent neither plaintiff nor defendant had space to store the large quantities of carpeting.
Through negotiations the parties arranged for plaintiff to accept all the wallpaper and some of the carpeting at defendant’s cost of $1,624.23. Lynn Juhl of Flag returned the rest of the carpeting and was charged a total of $380.17 in restocking fees.[2] Defendant was never compensated for the time spent in measuring the residence, in assisting Mrs. March in her selections, in placing orders or in returning the merchandise, despite the fact that the mutual withdrawal from the agreement was not precipitated by any fault whatsoever of defendant. Not only was defendant not compensated on a quantum meruit basis, but also it lost $4.60 out of pocket in accommodating the plaintiff.
The net result of the judgment of the trial court is that it penalized the wrong party. C.C. art. 1909 provides a sale of specially ordered material becomes the property of the buyer when the order is placed and from that point it is the buyer who assumes any risk attendant thereto even though delivery has not been made. The article states:
“If the obligation be to deliver an object which is particularly specified, it is perfect by the mere consent of the parties. It renders the creditor the owner, and although it be not delivered to him, puts the thing at his risk from the date of the obligation, if the contract is one of those that purport a transfer.”
A sale is complete as soon as the parties agree to the object and the price (C.C. art. 2456), and thereafter the risk shifts to the buyer (C.C. art. 2467).
In this case, once plaintiff placed the order with Flag, he entered into a contract of sale and the respective rights of the litigants are regulated by the codal articles dealing with sales. Stratton-Baldwin Co., Inc. v. Brown, 343 So.2d 292 (La.App. 1st Cir. 1977). There is no question here that plaintiff did in fact place the order for the price recited herein; therefore, that a sale did in fact occur is beyond dispute. Byrne, Rice & Turner, Inc. v. Callais & Callais B. Rent., 292 So.2d 919 (La.App. 1st Cir. 1974). Once the parties agreed to a specific lot of materials at a definite price, the buyer could not cancel the agreement without legal cause. Dairy Specialties, Inc. v. Verebene, 117 So.2d 632 (Orl.La.App.1960). Since plaintiff’s cancellation of the contract was without legal cause, necessitating the restocking of the returned merchandise, defendant cannot be cast in judgment for this expense.
The only issue raised by this litigation was what indebtedness, if any, defendant owed to plaintiff. Defendant sought no affirmative relief.
For the reasons assigned the judgment appealed from is annulled and plaintiff’s demand is refused. Plaintiff is assessed for all costs of this suit.
ANNULLED.

. Sued in error as Jerry Juhl, d/b/a Flag Wallpaper Company, Inc.

. The restocking fee was computed on the dealer's cost and not the retail price.